In the Matter of the Application of ROBERT S. EATON, Petitioner, against STATE BOARD OF TAX COMMISSIONERS OF THE STATE OF NEW YORK and MARK GRAVES and Others, as the State Commissioners or Members of the Said State Board of Tax Commissioners, Respondents.

Third Department, March 12, 1941.

*Albrecht, Maguire & Mills [Edward N. Mills* and *Frank J. Maguire* of counsel], for the petitioner.

*John J. Bennett, Jr., Attorney-General [Joseph M. Mesnig, Assistant Attorney-General,* of counsel], for the respondents.

PER CURIAM. Petitioner has instituted this proceeding under article 78 of the Civil Practice Act, to review the determination made by the respondents that additional amounts for income taxes were properly assessed against him for the years 1933, 1934 and 1935, being the taxes computed on income from stock which he reported had been transferred to a partnership of which he was a member. The matter was transferred to this court by an order of the Albany Special Term dated September 13, 1940. Petitioner's investments were largely in the stock of the Norwich Pharmacal Company, of which, during the years involved, he was treasurer and general manager. His income consisted largely of his salary and the dividends received from that company.

The additional taxes arose from the following facts: On June 1, 1932, a written agreement was entered into between petitioner and his wife, under the terms of which a copartnership was formed for the purposes " of buying, selling, exchanging and dealing in stocks * * *." Petitioner, who was designated as the managing partner, " contributed to the capital of the partnership " 5,000 shares of the capital stock of the Pharmacal Company, of the agreed total value of $300,000. The first $25,000 of the income therefrom was to be paid to the wife, the next $25,000 to the petitioner, and all income above that amount to be divided ninety per cent to the petitioner and ten per cent to the wife. On July 12, 1935, an instrument was executed which purported to dissolve the partnership, and the undistributed funds were retained by the petitioner for the reason stated in the instrument dissolving the so-called partnership: " There has been made, and is now pending, against the party of the first part a claim for income taxes on such income, and other such claims may be made against him."

The income of the partnership had been the dividends upon the 5,000 shares of stock which, however, had not been transferred on the books of the corporation from the petitioner to the copartnership. The wife made no capital contribution, and upon the termination of the claimed partnership, all of the assets were retained by petitioner, and the corporate officers were directed to pay to him all income on stock standing in his name. The Commission was justified in determining that the partnership agreement was a subterfuge. A like conclusion was reached as to the Federal tax. (*Eaton* v. *Comr.*, 37 B. T. A. 283; affd., 100 F. [2d] 1013; certiorari denied, 307 U. S. 636.)

The determination should be confirmed, with fifty dollars costs and disbursements.

HILL, P. J., CRAPSER, HEFFERNAN, SCHENCK and FOSTER, JJ., concur.

Determination confirmed, with fifty dollars costs and disbursements.